IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| BRENDA AURORA PAYNE, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | 2:22-CV-126-Z |
| | § | |
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Respondent. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION TO DENY RELIEF**

Petitioner, Brenda Aurora Payne, filed a motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 by a person in federal custody. Having considered the motion, the response, the record, and applicable authorities, the undersigned concludes that relief should be DENIED.

**BACKGROUND**

The record in the underlying criminal case, No. 2:21-CR-003-Z, reflects the following:

On January 6, 2021, Petitioner was named in a one-count indictment charging her with possession with intent to distribute methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C). (CR ECF 15). Petitioner and her counsel signed a plea agreement. (CR ECF 21). They also signed a factual resume setting forth the elements of the offense and the facts establishing that Petitioner had committed the offense. (CR ECF 22). On February 19, 2021, Petitioner entered her plea of guilty to the indictment. (CR ECF 26). She testified under oath that: She had not been treated recently for any type of mental illness; she was not taking any kind of medication; she had read and discussed the indictment with her counsel; she understood the elements of the offense; she was fully satisfied with her counsel and the representation and advice

she had been provided; she had read and discussed with her counsel the plea agreement and she understood it; her plea was knowing and voluntary; she understood that she faced a maximum term of imprisonment of 20 years; no one had made any prediction of promise as to what her sentence would be and only the district judge would determine the sentence; she had discussed the impact of the sentencing guidelines with her counsel; she understood that she was giving up her right to appeal; she had read and discussed with her counsel the factual resume and it was true and correct in every respect and she committed each of the essential elements of the offense charged in the indictment. (CR ECF 54).

On June 24, 2021, Petitioner was sentenced to a term of imprisonment of 170 months. (CR ECF 38). She did not appeal, having waived the right to do so.

## GROUNDS OF THE MOTION

Petitioner sets forth four grounds in support of her motion. She alleges that (1) she received ineffective assistance of counsel because her attorney was experienced in civil law and inadequate to represent her in the federal court system; (2) the alleged crime did not occur on November 5, 2020; (3) the quantity and purity of the drugs could not be verified; and (4) her attorney failed to utilize a licensed investigator. (ECF 2 at 4, 5, 6, 8).

## STANDARDS OF REVIEW

**A.  28 U.S.C. § 2255**

After conviction and exhaustion, or waiver, of any right to appeal, courts are entitled to presume that a defendant stands fairly and finally convicted. *United States v. Frady*, 456 U.S. 152, 164-165 (1982); *United States v. Shaid*, 937 F.2d 228, 231-32 (5th Cir. 1991). A defendant can challenge his conviction or sentence after it is presumed final on issues of constitutional or jurisdictional magnitude only, and may not raise an issue for the first time on collateral review

without showing both "cause" for his procedural default and "actual prejudice" resulting from the errors. *Shaid*, 937 F.2d at 232.

Section 2255 does not offer recourse to all who suffer trial errors. It is reserved for transgressions of constitutional rights and other narrow injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice. *United States v. Capua*, 656 F.2d 1033, 1037 (5th Cir. Unit A Sept. 1981). In other words, a writ of habeas corpus will not be allowed to do service for an appeal. *Davis v. United States*, 417 U.S. 333, 345 (1974); *United States v. Placente*, 81 F.3d 555, 558 (5th Cir. 1996). Further, if issues are raised and considered on direct appeal, a defendant is thereafter precluded from urging the same issues in a later collateral attack. *Moore v. United States*, 598 F.2d 439, 441 (5th Cir. 1979) (citing *Buckelew v. United States*, 575 F.2d 515, 517-18 (5th Cir. 1978)).

**B.  Ineffective Assistance of Counsel**

To prevail on an ineffective assistance of counsel claim, movant must show that (1) counsel's performance fell below an objective standard of reasonableness and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different. *Strickland v. Washington*, 466 U.S. 668, 687 (1984); see also *Missouri v. Frye*, 566 U.S. 133, 147 (2012). "[A] court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies." *Strickland*, 466 U.S. at 697; see also *United States v. Stewart*, 207 F.3d 750, 751 (5th Cir. 2000). "The likelihood of a different result must be substantial, not just conceivable," *Harrington v. Richter*, 562 U.S. 86, 112 (2011), and a movant must prove that counsel's errors "so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Cullen v. Pinholster*, 563 U.S. 170, 189 (2011) (quoting *Strickland*,

466 U.S. at 686). Judicial scrutiny of this type of claim must be highly deferential and the defendant must overcome a strong presumption that his counsel's conduct falls within the wide range of reasonable professional assistance. *Strickland*, 466 U.S. at 689. Simply making conclusory allegations of deficient performance and prejudice is not sufficient to meet the *Strickland* test. *Miller v. Johnson*, 200 F.3d 274, 282 (5th Cir. 2000).

## ANALYSIS

In her first and fourth grounds, Petitioner contends that she received ineffective assistance of counsel. In support of her first ground, she simply alleges that her counsel was "experienced in civil law, inadequate to represent [her] case in the federal court system." (ECF 2 at 4). In support of her fourth ground, she alleges that her counsel "failed to utilize a license [sic] investigator, nor respond to [her] allegations of effective casework." (*Id.* at 8).

The Court cannot discern what it is that Petitioner thought her counsel should have done. "A defendant who alleges a failure to investigate on the part of his counsel must allege with specificity what the investigation would have revealed and how it would have altered the outcome" of the case. *United States v. Green*, 882 F.2d 999, 1003 (5th Cir. 1989). Here, Petitioner fails to provide the necessary specificity. Bald assertions do not meet the test. *Ross v. Estelle*, 694 F.2d 1008, 1011–12 (5th Cir. 1983).

Even if Petitioner had shown that any particular evidence regarding her culpability was available, and she has not, failing to put on mitigating evidence is not *per se* ineffective assistance. *Rector v. Johnson*, 120 F.3d 551, 564 (5th Cir. 1997) (citing *King v. Puckett*, 1 F.3d 280, 284 (5th Cir. 1993)). Rather, the petitioner must make a "specific, affirmative showing of what the [mitigating] evidence would have been to lead to a lower sentence." *United States v. Israel*, 838 F. App'x 856, 871 (5th Cir. 2020) (quoting *Rector*, 120 F.3d at 564). Petitioner's bald assertions

are not enough. *Ross*, 694 F.2d at 1011.

Petitioner's second and third grounds are procedurally barred because she did not raise them on appeal. *Davis*, 417 U.S. at 345. In fact, she waived the right to do so. (CR ECF 21, ¶ 12). The record establishes that her waiver was knowing and voluntary.

Finally, for the reasons discussed in the response, the grounds are without merit in any event. (ECF 7).

## **RECOMMENDATION**

For the reasons discussed herein, it is the RECOMMENDATION of the United States Magistrate Judge to the United States District Judge that the motion of Petitioner, Brenda Aurora Payne, be DENIED.

## **INSTRUCTIONS FOR SERVICE**

The United States District Clerk is directed to send a copy of this Findings, Conclusion and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED on August 30, 2023.

_____
LEE ANN RENO
UNITED STATES MAGISTRATE JUDGE

## \* NOTICE OF RIGHT TO OBJECT \*

Any party may object to these proposed findings, conclusions and recommendation. In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E). **Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Findings, Conclusions and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1), *as recognized in ACS Recovery Servs., Inc. v. Griffin*, 676 F.3d 512, 521 n.5 (5th Cir. 2012); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).